UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12cv1728 SNLJ |
| ) | |
| STEPHEN SHEPARD, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's motion for order of substituted service (#10). Plaintiff asserts that it has been unable to serve defendants Stephen Shepard and Steve & Colleen's Sports Bar, Inc., d/b/a Zach's Sports Bar & Brill ("Zach's") and requests that the Court authorize service on defendants by sending a copy of the Summons and Complaint via two Facebook.com accounts allegedly owned by defendant Shepard. The Court requested and received supplemental briefing on the matter of whether service through Facebook could be adequate under the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 4(e) sets out the rules for "Serving an Individual Within a Judicial District of the United States." The summons and complaint may be delivered to the individual personally; it may be left at the individual's home with someone of suitable age and discretion who resides there; or it may be delivered to an agent authorized to receive service. Fed. R. Civ. P. e(2).

Plaintiff states it has taken the following steps to effectuate service on defendants. First, the process server attempted to serve Zach's at its principal place of business, but the building

-1-

was vacant and had been for about a year. Next, plaintiff determined that Zach's was being run as a sole proprietorship with Shepard as its proprietor, thus it decided that Shepard would be appropriate to serve in both his individual capacity and on behalf of Zach's. Plaintiff's counsel used a Westlaw program to locate an alternate address for Shepard, apparently in Mineral Point, Missouri, but the process server reported that the house was vacant. Next, plaintiff's counsel attempted to serve defendants' former attorneys, but the attorneys declined to accept service until the attorneys could contact their client. Plaintiff then found a Facebook.com page for Zach's, which indicated Zach's was out of business, but which also states that Shepard (apparently) has opened a new eating establishment called TOP's (The Only Place) and another new business called Shep's Canoes in Steelville, Missouri. Plaintiff located TOP's business address on Facebook and discovered that its address and telephone number are the same as those that had been listed for Zach's. Plaintiff's process server attempted to serve defendants at TOP's, but the process server could not "because the bar was not open when our process server went to make the service attempts." (#10 at 4.)

Plaintiff states that it has "exhausted all of standard means by which [it] can serve the defendants...and [has] incurred great expense in doing so." (*Id.*) Plaintiff further states that its counsel's online research shows that Shepard has active Facebook accounts in the name of Zach's and TOP's. Plaintiff thus wishes to serve defendants by attaching a copy of the summons and complaint to a message/e-mail to be sent to the Zach's and TOP's Facebook accounts.

Plaintiff rationalizes that service via Facebook is akin to service by electronic mail, which plaintiff states is authorized by Rule 4(f)(3). That Rule, however, applies only to "Serving an Individual in a Foreign Country," and is a broad provision allowing service "by other means not

prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). To be sure, electronic service of process via e-mail has been permitted by federal courts in certain circumstances, including within the Eighth Circuit. *See Fraserside IP LLC v. Letyagin*, 280 F.R.D. 630, 630 (N.D. Iowa 2012) (permitting service via e-mail on "international intellectual property scofflaws"); *Rio Properties Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (affirming e-mail service on foreign internet business entity); *U.S. Commodity Futures Trading Comm'n v. Rubio*, No. 12–CV–22129, 2012 WL 3614360 *3 (S.D. Fla. Aug. 21, 2012) (permitting e-mail service on individual evading service outside the United States); *FTC v. PCCare 247 Inc.*, No. 12 Civ. 7189(PAE), 2013 WL 841037 (S.D.N.Y. 2013) (permitting service via e-mail and Facebook on foreign defendants).[1] However, all of those matters involve service on *foreign* defendants. In addition, in each of those cases, plaintiffs bore the burden of proving that the e-mail service was "reasonably calculated… to apprise [the defendants] of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Rule 4(f) may allow for electronic service on foreign defendants in some circumstances, but Rule 4(e), which applies to domestic defendants, allows service only on the individual, their agent, or delivery to their abode. Fed. R. Civ. P. 4(e)(2)(A)-(C). Rule 4(e)(1) also authorizes

---

[1]Plaintiff's reliance on *FTC v. PCCare 247 Inc.* — the only available decision in which service of process through social media has been permitted — is unavailing. In that case, the FTC sought to serve summons and a complaint on five international defendants who allegedly perpetuated a consumer fraud scheme from India. 2013 WL 841037, at *1. After substantial discussion, the court held that service via *e-mail* satisfied due process because the FTC had demonstrated that the e-mail was likely to reach the defendants. *Id.* at *4. Although the FTC used Facebook as a means of supplemental service, it was not the only means of service, and the court expressed doubt that Facebook alone would satisfy due process. *Id.* ("anyone can make a Facebook profile using real, fake, or incomplete information, and thus, there is no way for the Court to confirm whether the Facebook page belongs to the defendant to be served.").

service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). However, Missouri does not provide for electronic service of process. In Missouri, if delivery fails to a defendant's person, abode, or agent, RSMo § 506.160 recognizes mail or publication as substituted service. In the case of a defendant who has absconded or concealed themselves and cannot be found, the court "shall issue an order of publication of notice to such defendant." RSMo § 506.160(3).

Thus, the federal rules do not permit electronic service for the defendant in this matter. *See Int'l Telemedia Assocs.*, 245 B.R. at 720 ("the Court is unaware of any domestic precedent authorizing service of process by electronic mail"); Ronald J. Hedges et al., *Electronic Service of Process at Home and Abroad: Allowing Domestic Electronic Service of Process in the Federal Courts,* 4 Fed. Cts. L. Rev. 55, (2010) ("Currently, electronic service of process is only available in federal practice under [Rule] 4(f)(3)…in the context of 'Serving an Individual in a Foreign Country'"). This case indisputably involves a domestic defendant, so Fed. R. Civ. P. 4(f)(3) is inapplicable. Fed. R. Civ. P. 4(e) does not permit electronic mail as a means of substituted service unless the state where the action is brought permits it. Missouri does not authorize electronic mail as a form of substituted service. If plaintiff is unable to serve process via e-mail, it certainly has not shown that it can properly serve process via Facebook.[2]

---

[2]Plaintiff states without support that "each and every time a message is sent through Facebook, the application automatically generates and sends a notice to the user's e-mail address that a message has been sent to that User." That is incorrect. According to Facebook's website, users can pick and choose which "notifications" they would like Facebook to send by e-mail. *See* https://www.facebook.com/help/www/327994277286267 (last visited Aug. 9, 2013); *see also PCCare 247 Inc.*, 2013 WL 841037, at *5.

Finally, the Court notes that plaintiff's service efforts were not exhaustive. Plaintiff tried serving defendant at only one residential address and apparently used only one search engine to locate an address. Numerous other internet (and other) address search options, including, e.g., Missouri's case.net system, exist. In addition, plaintiff's process server tried to serve defendant at TOP's business location, but the process server apparently did so when the business was closed. Plaintiff thus has ample other avenues through which to attempt service through the means authorized by Rule 4(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for order of substituted service (#10) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff is granted 30 days from the date of this Order in which to effectuate service.

Dated this  12th  day of August, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE