UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12CV1728 SNLJ |
| ) | |
| STEPHEN SHEPARD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss filed by defendant Steve & Colleen's Sports Bar, Inc., d/b/a Zach's Sports Bar & Grill. Plaintiff has not responded to the motion and the time for doing so has expired. The matter is now ripe for disposition.

Plaintiff filed this case on September 25, 2012 against defendants Stephen Shepard and Steve & Colleen's Sports Bar, Inc. d/b/a/ Zach's Sports Bar & Grill (Sports Bar) alleging violations of the Cable Communications Policy Act. Following a number of unsuccessful attempts at service, the defendants were served on December 12, 2013. Defendant Sports Bar filed a motion to dismiss alleging that plaintiff's claim is barred under section 351.478 RSMo. Specifically, defendant Sports Bar contends that it is a dissolved corporation, it gave plaintiff proper notice of its dissolution and the requirements under section 351.478 RSMo for filing a claim against a dissolved corporation, and plaintiff failed to file a claim with Sports Bar. Defendant Sports Bar seeks dismissal with prejudice of plaintiff's claim.

Section 351.478 RSMo sets forth the requirements for a dissolved corporation to notify claimants of known claims against the corporation. Once the corporation satisfies those

requirements, the claimant must comply with the statutory procedures in section 351.478 RSMo for filing a claim or its claim will be barred. Specifically, section 351.478 RSMo provides:

> 2. The corporation shall notify its known claimants in writing by United States Postal Service of the dissolution at any time after dissolution is authorized. The written notice must:
>
> (1) Describe information that must be included in a claim;
>
> (2) Provide a mailing address where a claim may be sent;
>
> (3) State the deadline, which may not be fewer than one hundred eighty days from the effective date of the written notice, by which the dissolved corporation must receive the claim; and
>
> (4) State the claim will be barred if not received by the deadline.
>
> 3. Other rules of law, . . . to the contrary notwithstanding, a claim against a corporation dissolved without fraudulent intent is barred:
>
> (1) If a claimant who was given written notice under subsection 2 of this section does not deliver the claim to the corporation by the deadline;
>
> (2) If a claimant whose claim was rejected by the dissolved corporation does not commence proceedings to enforce the claim within ninety days from the effective date of the rejection notice.

Defendants Sports Bar alleges that it complied with section 351.478 RSMo by providing notice of its dissolution and the requirements for filing a claim by mailing a notice to plaintiff on May 15, 2012. It contends that such notice was provided in the form of Exhibit C attached to its motion. Exhibit C is titled "Notice of Dissolution to All Creditors of and Claimants Against Steve & Colleen's Sports Bar, Incorporated" and appears to be a form notice. The notice has not been completed. The notice is not addressed to any individual or business entity. The notice contains blank lines for the date that Sports Bar filed its Articles of Dissolution, the date the dissolution was effective, the date of publication of the notice, and the address to submit a claim to Sports Bar. As a result, there is not sufficient evidence that Sports Bar complied with the

requirements stated in section 351.478 RSMo. For this reason, defendant Sports Bar's motion should be denied.

Moreover, even assuming that there had been sufficient notice, plaintiff's claim would not be barred because it filed a claim against Sports Bar within the time limitation provided in the notice. The notice provides that "[a]ll claims against Steve & Colleen's Sports Bar, Incorporated will be barred unless the Proceeding to enforce the claim is commenced within two years after the publication of this notice." According to defendant Sports Bar, it dissolved on April 4, 2012 and it mailed notice on May 15, 2012. Plaintiff filed this claim against defendant Sports Bar on September 25, 2012 and it was served on December 12, 2013. Indisputably, plaintiff's claim was commenced within two years of the date defendant Sports Bar alleges notice was given.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Steve & Colleen's Sports Bar, Inc., d/b/a Zach's Sports Bar & Grill's motion to dismiss (#24) is **DENIED**.

Dated this 6th day of February, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE