UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOE HAND PROMOTIONS, INC.,        )
                                  )
                Plaintiff,        )
                                  )
v.                                )        Case No. 4:12CV1728 SNLJ
                                  )
STEPHEN SHEPARD, et al.,          )
                                  )
                Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' cross motions for summary

judgment and defendants' motions to strike with regard to plaintiff's summary judgment

documents. The motions are ripe for disposition. For the following reasons, the Court

will deny defendants' motions and grant in part and deny in part plaintiff's motion.

## I.      Background

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") filed this action against

defendant Steve & Colleen's Sports Bar, Inc. d/b/a Zach's Sports & Grill ("Sports Bar")

and Stephen Shepard alleging violations of the Federal Communications Act, 47 U.S.C.

§ 605 and the Cable & Television Consumer Protection and Competition Act, 47 U.S.C.

§ 553, as well as a claim for conversion under Missouri law, stemming from the telecast

of "UFC 129: *St-Pierre v. Shields*" on April 30, 2011 ("Program") at the Sports Bar.

Defendant Steve Shepard is identified as the President, Secretary, and sole Board

Member of Steve & Colleen's Sports Bar, Inc.

Plaintiff Joe Hand was granted the right to distribute the Program via closed circuit television and encrypted satellite signal. After it obtained the distribution rights to the Program, plaintiff entered into agreements with various entities and granted them the right to publicly exhibit the Program to their patrons. Plaintiff alleges that "with full knowledge that the [Program] was not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen and/or employees unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the [Program] [at the Sport's Bar] [ ] at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain."

Plaintiff's first claim is pursuant to the Unauthorized Publication or Use of Communications, 47 U.S.C. § 605. This statute prohibits the unauthorized interception of video programming from a satellite transmission. It provides for statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Where the "violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the statutory damages may be increased in an amount of not more than $100,000. 47 U.S.C. § 605(e)(3)(C)(ii). Attorney's fees and costs are recoverable under this statute. 47 U.S.C. § 605(e)(3)(B)(iii).

The second claim is under the Unauthorized Reception of Cable Services, 47 U.S.C. § 553. This statute prohibits the unauthorized receipt of programing from a cable service provider. 47 U.S.C. § 553(a)(1). It provides for a civil action with statutory damages "in a sum of not less than $250 or more than $10,000 as the court considers

just." 47 U.S.C. § 553(c)(3)(A)(ii). Where "the violation was committed willfully and for purposes of commercial advantage or private financial gain," the statutory damages may be increased in an amount of not more than $50,000. 47 U.S.C. § 553(c)(3)(B). Attorney's fees and costs may also be recovered under this statute. 47 U.S.C. § 553(c)(2)(C).

The third claim in this lawsuit is a state law conversion claim.

All parties filed motions for summary judgment. Defendants seek summary judgment as to all claims. Plaintiff seeks summary judgment as to the claims under § 605.

## II.     Motions to Strike

As a preliminary matter, the Court will address defendants' motions to strike the following summary judgment documents filed by plaintiff: cross motion for summary judgment, affidavits and exhibits supporting plaintiff's additional uncontroverted material facts, and reply memorandum. "District courts enjoy broad discretion in enforcing their rules, but 'striking a party's pleadings is an extreme measure and . . . [m]otions to strike . . . are viewed with disfavor and are infrequently granted.'" *Anzaldua v. Northeast Ambulance and Fire Protection Dist.*, 4:13CV1257 ERW, 2014 WL 466228, at *3 (E.D. Mo. Feb. 5, 2014) (citing and quoting *Stanbury Law Firm, P.S. v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000)). "A 'court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter.'" *Id.* (quoting Fed.R.Civ.P. 12(f)). "As is apparent from the language of Rule 12(f), a motion to strike may only be directed to material contained in a 'pleading.'" *Id.* (citing Rule 12(f)); *see also Coleman*

*v. City of Pagedale,* 2008 WL 161897 at *4 (E.D. Mo. Jan. 15, 2008). "Pleadings are defined as: 1) a complaint; 2) an answer to a complaint; 3) an answer to a counterclaim designated as a counterclaim; 4) an answer to a cross claim; 5) a third-party complaint; 6) an answer to a third-party complaint; and 7) if the court orders one, a reply to an answer." *Id.* (citing Fed.R.Civ.P. 7(a)).

"[T]here is no such thing as a 'motion to strike' – at least when the paper being targeted is a memorandum or affidavit submitted in connection with a motion for summary judgment." *Id.* (quoting *Carlson Marketing Group, Inc. v. Royal Indemnity Co.*, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006)). "No such motion is authorized by the Federal Rules of Civil Procedure." *Carlson*, 2006 WL 2917173, at *2. "Motions, briefs, memoranda, objections or affidavits may not be the subject of a motion to strike." *Coleman v. City of Pagedale*, 4:06CV1376 ERW, 2008 WL 161897, at *4 (E.D. Mo. Jan. 15, 2008) (citing *Williams ex rel. McIntosh v. City of Beverly Hills, Mo*, 4:07CV661 CAS, 2007 WL 2792490, at *2 (E.D. Mo. Sept. 24, 2007) ("motion to remand is not a pleading, and therefore may not be subject to a motion to strike")); *see also Anzaldua*, at *4 ("neither a memorandum nor an affidavit is a 'pleading'"); 2 James W. Moore, et al., *Moore's Federal Practice* § 12.37[2]. "Because [defendants'] motions are not directed to pleadings, the Court will not consider them as motions to strike." *Stockdale v. Stockdale*, 4:08CV1773 CAS, 2013 WL 1329593, at *1 (E.D. Mo. Apr. 6, 2010). Although the motions to strike are procedurally incorrect, the Court will address the issues presented in the motions.

## A.    Cross Motion for Summary Judgment

Defendants move to strike the plaintiff's cross motion for summary judgment because it was filed after the deadline of January 30, 2015 for filing motions for summary judgment stated in the Case Management Order.  Plaintiff filed its motion for summary judgment on February 18, 2015, at the same time it filed its response to the defendants' motion for summary judgment.[1]  Defendants have not alleged, nor does the Court find, any material prejudice resulting from the late filing of the plaintiff's motion only nineteen days after the deadline set in the CMO.  Further, defendants have not alleged any authority in support of their position.  The motion will be denied.

## B.    Plaintiff's Affidavits and Exhibits

Defendants move to strike plaintiff's affidavits submitted in support of its statement of additional uncontroverted material facts.  Defendants argue that plaintiff did not reveal all of the statements contained in the affidavits in its interrogatory responses.  In that regard, the Court will review the issue as a motion to exclude the affidavits under Rule 37 for failure to disclose the information in discovery.  Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

---

[1] In fact, plaintiff filed one document entitled Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross Motion for Summary Judgment.  In an unusual practice, plaintiff did not file a separate Cross Motion for Summary Judgment.  Although this practice is not recommended, the plaintiff's document, which includes a prayer for relief, will be considered as its cross motion for summary judgment combined with its memorandum in support.

Plaintiffs disclosed the affiants in response to defendants' interrogatories requesting the identity of all persons with information and knowledge with regard to the exhibition of the Program. The Court does not agree with defendants' contention that their interrogatory[2] required plaintiff to state every relevant fact known by the identified persons. The motion to exclude the affidavits will be denied.

Additionally, defendants argue that the affidavit of Joe Hand, Jr. includes expert testimony and opinions that should be excluded because he was not identified in response to defendants' interrogatories requesting identification, and the opinions, of retained and non-retained experts. Specifically, defendants argue that paragraph 9 of the affidavit offers expert testimony and opinions. Paragraph 9 states in part: "It is essential that I communicate to the court that to the best of my knowledge our programming is *not* and cannot be mistakenly, innocently, or accidently intercepted. Some methods that a signal pirate can unlawfully intercept and broadcast our programming are as follows . . . ." Paragraph 9 then goes on to identify methods to unlawfully intercept a broadcast including the use of a blackbox or smartcard to descramble a broadcast, misrepresentation by a commercial establishment as a residential property to allow

---

[2] Defendants argue that all of the statements in the affidavits should have been disclosed in response to their Interrogatory #7, which stated:

> Identify all person(s) with information, knowledge or belief that Defendants and/or its agents, servants, workman and employees did exhibit the broadcast and as to your answer, state:
> a. Identify the specific Defendant or person that did exhibit the broadcast;
> b. Identify all persons with information, knowledge or belief concerning your allegation that a broadcast was exhibited;
> c. Identify all documents concerning, regarding or evidencing that Defendant and/or its agents, servants, workman or employees did exhibit the broadcast."

purchase of a broadcast at a residential rate, use of an illegal cable drop or splice, and the purchase of other illegal encryption devices. Defendants summarily conclude this is expert testimony without any discussion and without reference to any authority. Defendants' argument and briefing on this issue are insufficient. The affidavit of Joe Hand, Jr. offers fact testimony based on his knowledge as the President of Joe Hand Promotions, Inc. and the industry in which that business operates. Such testimony is different than testimony providing detail about the technical information as to how a blackbox descrambles reception of a broadcast, which would constitute expert testimony. Defendants' motion to exclude the affidavit as undisclosed expert testimony will be denied.

Defendants next argue that the affidavit of Cherie Hyman should be excluded because they contend it misstates facts. The Court will not exclude the affidavit for this reason. Defendants have pointed out what they believe to be misstated facts or inconsistencies in the affidavit and could have offered evidence to counter the testimony.

Finally, defendants seek to exclude plaintiff's exhibits because they were not disclosed in discovery. The exhibits include printouts from the Missouri Secretary of State's webpage for Online Business Filings showing the corporate status of Steve & Colleen's Sports Bar, Incorporated and S & C Shepard Investments Inc. (Exhibit D1), three screenshots from Zach's Sports Bar & Grill's Facebook page (Exhibits D2-D4), and a copy of a photo of Zach's Sports Bar & Grill (Exhibit D5). Exhibit D is an affidavit from a paralegal working for plaintiff's national counsel that identifies and authenticates exhibits D1-D5 and describes how the paralegal located the exhibits. According to the

affidavit, the information and the exhibits were obtained after the close of discovery and after the filing of defendants' motions for summary judgment. Defendants only objection to the exhibits is that they were not disclosed during discovery. The Court finds that any failure to disclose the exhibits is harmless. The documents were available to the general public. The Court finds it hard to believe that defendants did not have all of the knowledge provided by the exhibits or that defendants suffered any prejudice by plaintiff's failure to obtain and disclose the information prior to the close of discovery. The motion to exclude the exhibits will be denied.

### C.    Plaintiff's Reply Memorandum

Defendants filed a motion to strike plaintiff's reply memorandum with regard to its cross motion. They argue that plaintiff's reply memorandum is premature and should be stricken because they filed a motion to strike the cross motion and have not yet filed their response to that motion. There is nothing in the Federal Rules of Civil Procedure or in the local rules of this Court that supports defendants' position. Defendants did not seek a stay or continuance as to their response to the motion for summary judgment. The procedurally incorrect motion to strike they filed did not excuse them from filing a substantive response. Defendants chose to file motions to strike as their response. Plaintiff then properly filed its reply. The motion will be denied.

### III.    Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The

burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op.

Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden,

the nonmoving party must do more than show that there is some doubt as to the facts.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead,

the nonmoving party bears the burden of setting forth affirmative evidence and specific

facts by affidavit and other evidence showing that there is a genuine dispute of a material

fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at

324.

The movant's statement of facts are deemed admitted if not specifically

controverted by the opposing party. E.D. Mo. L.R. 4.01 (E). Local Rule 4.01 (E)

provides:

> A memorandum in support of a motion for summary judgment shall have attached
> a statement of uncontroverted material facts, set forth in a separately numbered
> paragraph for each fact, indicating whether each fact is established by the record,
> and if so, the appropriate citations. Every memorandum in opposition shall include
> a statement of material facts as to which the party contends a genuine issue exists.
> Those matters in dispute shall be set forth with specific references to portions of
> the record, where available, upon which the opposing party relies. The opposing
> party also shall note for all disputed facts the paragraph number from movant's
> listing of facts. ***All matters set forth in the statement of the movant shall be
> deemed admitted for purposes of summary judgment unless specifically
> controverted by the opposing party***.

(emphasis added). Even where all of movant's facts are deemed admitted, the Court must

look at the entire record to determine whether summary judgment is warranted. "The

Eighth Circuit has determined that when a plaintiff fails to respond adequately to a

motion for summary judgment, a district court should not treat such a non-response as

sufficient to dispose of the motion." *Lowry v. Powerscreen USB, Inc.*, 72 F.Supp.2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.* "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." *Id.*

## IV.    Facts

Defendants Shepard and Sports Bar have not submitted any facts supported by affidavit or deposition testimony. Instead, their facts consist of pointing out the allegations made by plaintiff in its complaint and plaintiff's answers to interrogatories. It appears their goal is to establish that plaintiff lacks certain evidence needed to establish its claim. Plaintiff does not dispute the facts offered by defendants. As defendants' facts are pleadings and discovery responses, there is no need to set forth that information here. Instead, the Court will set forth defendants' relevant facts, if needed, in the discussion of their motions.

Plaintiff submitted facts and evidence in opposition to defendants' motions and in support of its cross motion. In response to plaintiff's facts, defendants admitted the fact, admitted or denied the fact but argued the fact was a conclusion, or denied the fact and made an objection or argument about the supporting evidence. Defendants did not ***dispute*** or ***controvert*** the facts with specific references to portions of the record as required by Local Rule 4.01(E). Further, defendants did not comply with the requirements of Rule 56(c)(1). Rule 56(c)(1) requires that any party attempting to

10

dispute a statement of fact (1) cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact ." Defendants cannot rest upon mere denials and objections to evidence in response to a motion for summary judgment without specific references to the record supporting the *dispute* of the fact. *Vitela v. IndyMac Mortg. Services*, 4:13CV747 JAR, 2014 WL 2863147, at *3 (E.D. Mo. June 24, 2014); *Buck v. American Family Mut. Ins. Co.*, 4:12CV1879 SNLJ, 2014 WL 272343, at *3 (E.D. Mo. Jan. 24, 2014); *O'Connor v. City of Pine Lawn*, 4:11CV668 SNLJ, 2013 WL 1899431, at *1 (E.D. Mo. May 7, 2013). Because defendants failed to specifically controvert plaintiff's statement of facts, those facts are deemed admitted for purposes of summary judgment. *Buck*, 2014 WL 272343, at *3; *O'Connell v. Accurate Plumbing, LLC*, 4:04CV1368 FRB, 2005 WL 2176926, at *2 (E.D. Mo. Sept. 8, 2005) (citing *Northwest Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 724-25 (8th Cir. 2003); *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762-63 (8th Cir. 2003)). The following facts, supported by the record before this Court, are undisputed.

Plaintiff Joe Hand is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefight events. Plaintiff possessed the proprietary rights to exhibit and sublicense the right to exhibit the Program. Through an agreement with the promoter of the Program, plaintiff was licensed to exhibit the Program at closed

circuit locations, such as theaters, arenas, clubs, lounges, restaurants and other commercial establishments throughout the State of Missouri.  In Missouri, the Program was legally available to commercial establishments only through an agreement with plaintiff.

Defendant Sports Bar was doing business as Zach's Sports Bar & Grill on the date of the Program.  Defendant Shepard was the sole officer (President and Secretary), sole director, and registered agent for the Sports Bar on the date of the Program.  By his own admission, Defendant Shepard was the general manager of the Sports Bar on the date of the Program.

On the date of the Program, without authorization, the Program was intercepted and/or received and broadcast in the Sports Bar.  The Program was broadcast via a residential DISH Network satellite account registered to a second floor residential apartment above the Sports Bar to obtain the unauthorized signal.  The transmission of the Program could not have been undertaken without specific wrongful actions to intercept, receive, and/or exhibit the telecast of the Program.  In order to safeguard against the unauthorized interception or receipt of the Program, the interstate satellite transmission of the Program was electronically coded or scrambled and was not available to or intended for the use of the general public.  If a commercial establishment was authorized by plaintiff to receive the respective Program, the establishment was provided with the electronic decoding equipment and the satellite coordinates necessary to receive the signal or the establishment's cable or satellite provider would be notified to unscramble the reception, depending upon the establishment's equipment and provider.

Authorized commercial establishments which contracted with plaintiff were required to pay to plaintiff a sublicense fee to receive the Program. This sublicense fee is typically based on the capacity of the establishment. Here, the Sports Bar had an occupancy of fifty people. According to the rate card, the fee for a legal broadcast would have been $900.00.

On the night of the Program, plaintiff's auditor observed the Program being telecast to approximately forty-two patrons at the Sports Bar on three large televisions. The exhibition of the Program was advertised and promoted on the Sport's Bar's Facebook page which was available online to the general public. A review of the Sports Bar's Facebook page shows that Defendant Shepard personally authored posts to the Facebook page.

## V.    Discussion

### A.    Defendant Shepard

Defendant Shepard seeks summary judgment on two grounds. First, his motion is based on his belief that plaintiff's theory of liability against him is premised on the doctrine of piercing the corporate veil. Second, he contends that plaintiff has no evidence that he acted willfully or intentionally with regard to the unlawful exhibition of the Program. Plaintiff seeks summary judgment only on its § 605 claim against defendant Shepard.

Defendant Shepard's reliance on the lack of pleading, or evidence, of acts or omissions to pierce the corporate veil with regard to liability under §§ 553 and 605 is misplaced. "Piercing the corporate veil is an equitable doctrine used by the courts to look

13

past the corporate form and impose liability upon owners of the corporation—be they individuals or other corporations—when the owners create or use the corporate form to accomplish a fraud, injustice, or some unlawful purpose." *Blanks v. Fluor Corp.*, 450 S.W.3d 308, 375 (Mo.App. E.D. 2014) (citations omitted). Here, whether plaintiff can pierce the corporate veil to establish individual liability as to Shepard is not the applicable law. Instead, "[t]o determine whether an individual can be held liable under §§ 605(a) and 553(a)(1) for the actions of a corporation, the Eighth Circuit uses a 'no distinction' standard." *Joe Hand Promotions, Inc. v. Crossroads Restaurant & Lounge, Inc.*, 4:12CV2403 JCH, 2014 WL 916949, at *2 (E.D. Mo. Mar. 10, 2014) (citing *Comcast of Illinois X v. Multi–Vision Electronics, Inc.,* 491 F.3d 938 (8th Cir.2007)). "Under that test, 'a plaintiff must show that there exists 'no distinction' between the individual's actions and that of his corporation." *Id.* (citing *Joe Hand Promotions, Inc. v. Sharp,* 885 F.Supp.2d 953, 956 (D.Minn.2012) (citing *Comcast of Illinois X v. Multi–Vision Electronics, Inc.,* 491 F.3d 938 (8th Cir.2007)). Because the individual liability under §§ 553 and 605 is distinct from the derivative liability that results from piercing the corporate veil, defendant Shepard's motion for summary judgment, which fails to address the applicable law as to individual liability, will be denied.

Further, defendant Shepard also misstates the law as to whether plaintiff must show willfulness as to the showing of the Program. To establish liability in a civil action under either § 553 or § 605, "[i]t is not necessary for a plaintiff to establish a defendant's willfulness." *Joe Hand Promotions, Inc. v. Peterson*, 2014 WL 824119, at *3. As a

result, defendant Shepard's motion for summary judgment alleging plaintiff cannot establish willfulness as to the claims under §§ 553 and 605 will be denied.

Finally, defendant Shepard contends there is insufficient evidence to establish intentional exercise of dominion over property for purposes of the conversion claim. On a motion for summary judgment, defendant has the initial burden to show that he is entitled to summary judgment. Defendant's briefing and argument on the conversion claim is woefully deficient and does not meet this burden. His motion as to the conversion claim will also be denied.

In response to defendant Shepard's motion and for its cross motion, plaintiff argues that defendant Shepard is individually liable because he is the registered agent, president, secretary and sole shareholder of the Sports Bar and was the general manager at the time of the broadcast of the Program. Plaintiff also alleges that Shepard posted an advertisement for the unauthorized broadcast on the Sports Bar's commercial Facebook page. The evidence submitted, however, shows only that the unauthorized broadcast was advertised on the Sports Bar's Facebook page. There is no evidence before this Court proving it was posted to the Facebook page by Shepard. Defendants did not file a substantive response to the cross motion but instead chose to file motions to strike as their response. The Court finds that plaintiff has not met its burden to establish undisputed facts that "no distinction" exists between defendant Shepard's actions and that of the Sports Bar such that plaintiff would be entitled to summary judgment against Shepard. As a result, plaintiff's motion will be denied as to defendant Shepard. Additionally, there are factual issues with regard to Shepard's power to commit or

prevent the alleged violations, and whether he was in a position to benefit from the violations, that preclude summary judgment for defendant Shepard.

### B.    Defendant Sports Bar

Defendant Sports Bar argues it is entitled to summary judgment because plaintiff cannot adduce evidence of willful or intentional conduct in the showing of the Program in that plaintiff cannot show that any employee or management participated in the procurement or showing of the program.  Again, as previously stated, it is not necessary for a plaintiff to establish a defendant's willfulness to establish a violation of § 553 or § 605.  *Joe Hand Promotions, Inc. v. Peterson*, 2014 WL 824119, at *3.  As a result, defendant Sport Bar's motion for summary judgment alleging plaintiff cannot establish willfulness will be denied.

For its cross motion, plaintiff seeks summary judgment on its § 605 claim.  For a violation of § 605 of the Communications Act, a plaintiff need only prove that (1) the event or program was shown in the defendant's establishment and (2) plaintiff did not authorize the exhibition of the event or program there.  *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F.Supp.3d 747, 753 (S.D. Tex. Mar. 26, 2014) (citing 47 U.S.C. § 605; *J & J Sports Productions, Inc. v. Casita Guanajuato, Inc.,* 2014 WL 1092177, at *1 (W.D. Tex. Mar. 19, 2014), citing  *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 349 (9th Cir. 1999), and *Joe Hand Promotions, Inc. v. Macias,* No. H–11– 1773, 2012 WL 950157, at *2 (S.D.Tex. Mar. 19, 2012)).  Again, to establish liability in a civil action under § 605, "[i]t is not necessary for a plaintiff to establish a defendant's willfulness."  *Joe Hand Promotions, Inc. v. Peterson*, 8:12CV241, 2014 WL 824119, at

*3 (D. Neb. Mar. 3, 2014).  The undisputed facts prove that the Program was shown in the Sports Bar via a residential satellite account and plaintiff did not authorize the exhibit of the Program at the Sports Bar.  This is all that is required to establish liability under § 605.  Plaintiff's cross motion seeking summary judgment under § 605, count I of the complaint, will be granted.

Because a defendant cannot be liable under § 553 (applying only to cable systems) and § 605 (applying only to satellite or radio transmittal and not to transmittal by cable) for the same act, the claim under § 553 in count II of the complaint will be dismissed.  *See Joe Hand Promotions, Inc. v. Peterson*, 8:12CV241, 2014 WL 824119, at *4 (D. Neb. Mar. 3, 2014) (noting a defendant cannot be liable under § 553 and § 605 for the same act).  The state law conversion claim in count III for the same act is duplicative and will also be dismissed.

Plaintiff does not seek actual damages but requests statutory damages as provided by § 605.  Pursuant to § 605, the Court may award statutory damages of not less than $1,000 or more than $10,000 per violation.  47 U.S.C. § 605(e)(3)(C)(i)(II).  If the Court finds that the "violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," it may, in its discretion, award enhanced damages up to $100,000.  47 U.S.C. § 605(e)(3)(C)(ii).  Additionally, under § 605 attorney's fees and costs shall be awarded to an aggrieved party who prevails.  47 U.S.C. § 605(e)(3)(B)(iii).

Plaintiff requests statutory damages pursuant to § 605(e)(3)(C)(i)(II) in the amount of $5,000. Arguing that a willful violation for commercial advantage and financial gain has been established, plaintiff requests additional statutory damages pursuant to § 605(e)(3)(C)(ii) in the amount of $10,000. The undisputed facts prove that the interstate satellite transmission of the Program was electronically coded or scrambled and the transmission of the Program could not have been undertaken without specific wrongful actions to intercept, receive, and/or exhibit the telecast of the Program. It is clear that the transmission of the Program could not be intercepted innocently or mistakenly but instead willfully and intentionally. Further, the undisputed facts show that the Program was broadcast via a residential DISH Network satellite account registered to a second floor residential apartment above the Sports Bar to obtain the unauthorized signal. Additionally, the undisputed facts show that the telecast of the Program was advertised on the Sports Bar's Facebook page and was exhibited on three television screens to at least forty-two patrons. It is obvious that the Program was broadcast in the Sports Bar for purposes of direct or indirect commercial advantage or private financial gain. *See Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11F.Supp.3d 747, 755-56 (S.D. Tex. 2014) (citing *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F.Supp.2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do no descramble spontaneously, nor do television sets connect themselves to cable distribution systems.")).

The Court finds that plaintiff is entitled to statutory damages under § 605(e)(3)(C)(i)(II) and § 605(e)(3)(C)(ii).  In support of its request for statutory damages, plaintiff submitted an affidavit of its president, Joe Hand, Jr.  Mr. Hand attests that with the advent of pay-per-view, his company has experienced a serious erosion in sales of its propriety programming to their commercial customers.  Upon investigation, the company determined that the cause of the decline in its sales is the rampant piracy of its broadcasts by unauthorized and unlicensed establishments.  Mr. Hand attests that the unchecked activity of signal piracy has cost his company several millions of dollars of revenue.  He also attests that signal piracy has had a detrimental effect on lawful residential and commercial customers, whose cost of services has increased as a result.  In response to the problem and to protect its business, the company, at large expense, has retained investigators, auditors, and law enforcement to detect signal pirates.  Mr. Hand also attests that the sublicense fee for the Broadcast at issue in this case would have been $900.00 for an establishment with a capacity of fifty persons.

Plaintiff also submitted the affidavit of an investigator who visited the Sports Bar on the night of the Program.  She observed three television sets in view playing the Program.  She estimated that the approximate capacity of the Sports Bar is fifty persons and on the night of the Program she counted as many as forty-two persons in the Sports Bar during the telecast of the Program.

"Damages awarded under § 605 have varied tremendously in this district."  *Joe Hand Promotions, Inc. v. Thompson*, 4:11CV1740 CAS, 2013 WL 466278, at *3 (E.D. Mo. Feb. 7, 2003) ($13,000) (citing *J & J Sports Prods., Inc. v. Sirkco, LLC*, 2013 WL

363355, at *2 (E.D. Mo. Jan.30, 2013) ($3,000); *Joe Hand Promotions, Inc. v. Wilson*, 2013 WL 275591, at *1 (E.D. Mo. Jan 24, 2013) ($15,000); *J & J Sports Prods., Inc. v. Diamond Kings*, 2012 WL 5330983, at *2 (E.D. Mo. Oct.29, 2012) ($3,000); *Joe Hand Promotions, Inc. v. El Borracho, LLC*, 2012 WL 1134804, at *2 (E.D. Mo. Apr.4, 2012) ($15,000); *Joe Hand Promotions, Inc. v. TL Prods., L.L.C.*, 2010 WL 2428031, at *2 (E.D. Mo. Jun.10, 2010) ($150,000)); *see also J & J Sports Productions, Inc.*, 4:12CV2231 RWS, 2014 WL 961336, at *1 (E.D. Mo. Mar. 12, 2014) ($15,000). Here, plaintiff does not allege that Sports Bar is a repeat violator and does not allege substantial financial gain. The Court notes that the minimum amount of the actual damages is $900, the amount of the unpaid sublicense fee. "The Court recognizes, however, there are additional actual damages to plaintiff that are more difficult to calculate, such as the cost of auditing and the devaluation of its programing." *Joe Hand Promotions, Inc. v. Thompson*, 2013 WL 466278, at *3. Having considered the authorities presented and other applicable cases from this jurisdiction, along with the affidavit testimony and other evidence, the Court, in its discretion, will award $5,000 in statutory damages under § 605(e)(3)(C)(i)(II) and $10,000 in enhanced statutory damages under § 605(e)(3)(C)(ii). The Court finds this award to be comparable to the awards in *Joe Hand Promotions, Inc. v. Thompson*, 2013 WL 466278, at *3 ($13,000), Joe *Hand Promotions, Inc. v. Wilson*, 2013 WL 275591, at *1 ($15,000), *Joe Hand Promotions, Inc. v. El Borracho, LLC*, 2012 WL 1134804, at *2 ($15,000), and *J & J Sports Productions, Inc.*, 2014 WL 961336, at *1 ($15,000).

Additionally, under § 605, plaintiff is entitled to attorneys' fees and costs.  The Court will permit plaintiff's counsel to submit verified documentation of the attorneys' fees and costs incurred as a prevailing party on the claim against the Sports Bar. Defendant Sports Bar may file a written response to be heard on the matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiff's Cross Motion for Summary Judgment (ECF #42) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Affidavits and Exhibits in Support of Plaintiff's Additional Uncontroverted Material Facts (ECF #43) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Cross Motion for Summary Judgment (ECF #48) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Stephen Shepard's motion for summary judgment (ECF #34) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Steve & Colleen's Sports Bar, Inc. d/b/a Zach's Sports & Grill's motion for summary judgment (ECF #37) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment on the § 605 claims (ECF #40) is **GRANTED** as to defendant Steve & Colleen's Sports Bar, Inc. d/b/a Zach's Sports & Grill and **DENIED** as to defendant Stephen Shepard.  On the § 605 claim (count I) against defendant Steve & Colleen's Sports Bar, Inc. d/b/a Zach's

Sports & Grill, summary judgment is **GRANTED** as set forth herein and counts II and III of the complaint are **DISMISSED with prejudice**.

**IT IS FINALLY ORDERED** that on the § 605 claim against defendant Steve & Colleen's Sports Bar, Inc. d/b/a Zach's Sports & Grill plaintiff is awarded $5,000 in statutory damages under § 605(e)(3)(C)(i)(II) and $10,000 in enhanced statutory damages under § 605(e)(3)(C)(ii). The issue of the amount of attorneys' fees and costs to be awarded remains. Plaintiff is granted seven days to submit verified documentation in support of its request for attorneys' fees and costs as a prevailing party on the § 605 claim against defendant Sports Bar. Defendant Sports Bar shall have seven days thereafter to file a response.

Dated this 30th day of April, 2015.

_____

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE